UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA L. SKAGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:06-cv-1418-DFH-JMS ) |
| PREFERRED MEDICAL MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) |

ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Angela Skaggs worked as a receptionist for Preferred Medical Management, Inc. ("PMMI") at Sycamore Primary Care in Kokomo, Indiana from January 2001 until she was terminated on June 13, 2005. PMMI terminated Skaggs for excessive absenteeism, but Skaggs believed that many of her absences were FMLA-protected. She filed suit, claiming that PMMI interfered with her right to FMLA protection and then transferred her and terminated her in retaliation for requesting FMLA leave. The parties have filed cross-motions for summary judgment. Both motions are denied.

Genuine issues of material fact abound in this case. Among them: did Skaggs have an FMLA-qualifying condition, and did Skaggs miss work as a result of that condition or for some unrelated reason? Was PMMI's denial of Skaggs' time-off request in April 2005 proper given that Skaggs may have been seeking

treatment for an FMLA-qualifying condition? Did PMMI mark Skaggs' absences from February to June 2005 as "FMLA" because Skaggs' FMLA request was approved, or because it wanted to keep proper records in case Skaggs ever made a request for FMLA leave? Did Dr. Calhoon (of Sycamore Primary Care) truly feel "backed into a corner" and not fully comprehend the implications when she certified that Skaggs had a serious medical condition as of June 9, 2005? Did PMMI force Skaggs into a part-time position at a different office location because she was taking too many FMLA days? And, when Skaggs called in on June 13, 2005 (the final straw before her termination), did she claim that her own condition necessitated that absence or did she claim that she needed a day off to care for the needs of her children? These questions are essential to resolving Skaggs' allegations, and each involves a material factual dispute that the court may not resolve on summary judgment.

The court does note, however, that PMMI will have much to explain at trial. In particular, it must explain why it marked many of Skaggs' absences as "FMLA" but claims that Skaggs was not actually entitled to FMLA leave on those days, why it claims Skaggs did not have a serious medical condition when it had previously accepted Skaggs' condition as FMLA-qualifying and when one of Sycamore's physicians recertified Skaggs' condition as "serious," and why, on May 26, 2005, it gave Skaggs fourteen days (less than the statutory minimum) to provide certification of her medical condition and then on day thirteen transferred her to a part-time position in a different city. Overcoming these hurdles may be difficult.

-3-

But they are factual hurdles, so the court will leave those to the jury at trial, which remains scheduled for April 17, 2008.

So ordered.

Date:  March 4, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Nathan D. Foushee
MORSE FOUSHEE PC
foushee@mflawpc.com,mahoney@mflawpc.com

Thomas M. Kimbrough
BARRETT & MCNAGNY LLP
tmk@barrettlaw.com,hkq@barrettlaw.com

Erik Joseph May
erikjmayattorney@sbcglobal.net,maylawoffice@sbcglobal.net

Michael H. Michmerhuizen
BARRETT & MCNAGNY LLP
mhm@barrettlaw.com